942 F.2d 792
 1991 Copr.L.Dec. P 26,790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alphonse MOUZON, individually and dba Mouzon Music Company,
Mouzon Production Company, and MPC Records,
Plaintiff-Appellant,
v.
OPTIMISM, INC., a California corporation, David Drozen, an
individual, and Sheryl R. Kay, aka Sheryl R.
Drozen, an individual, Defendants-Appellees.
 Nos. 89-56317, 90-55899.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1991.
Decided Aug. 26, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and CROCKER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Alphonse Mouzon appeals the judgment, after a bench trial, in his action alleging violations of the Copyright Act, 17 U.S.C. § 101, et seq., the Lanham Trade-Mark Act, 15 U.S.C. § 1125(a), as well as breach of contract claims under California law. Optimism, Inc. appeals the order of contempt against it for violation of the injunction entered by the Court on August 31, 1989 as well as the stipulation and order of October 25, 1989 regarding correction of certain copyright notices.
 
 
 4
 We affirm in part, and reverse and remand in part, the judgment of the district court for reconsideration of the issues of Optimism's use of certain of Mouzon's music in its sampler albums, and attorney's fees. We affirm the order of contempt.
 
 STATEMENT OF THE CASE
 
 5
 Alphonse Mouzon, individually and doing business as Mouzon Music Company, Mouzon Production Company and MPC Records (collectively referred to herein as "Mouzon"), is a producer, musician, songwriter and jazz recording artist. Optimism, Inc. is a California corporation engaged in the manufacture and distribution of phonograph records, and David Drozen and Sheryl R. Kay, husband and wife, are the principal officers of that company (hereinafter referred to as "Optimism").
 
 
 6
 Mouzon and Optimism entered into two written Lease Agreements on September 16, 1986, wherein Optimism agreed to pay royalties and certain advances against royalties to Mouzon for the exclusive right to manufacture, distribute and sell certain sound recordings contained in two Mouzon albums entitled LOVE FANTASY and MORNING SUN throughout the United States, Canada and Mexico for five years. Mouzon also agreed to deliver to Optimism at least one additional jazz album per year during the term of the agreement. On September 18, 1986, by Addendum to the agreement Optimism was granted worldwide distribution rights to LOVE FANTASY, with the exclusion of Europe and Japan. By further amendment to the agreements on July 9, 1987, Japan was added to Optimism's distribution territory for the albums LOVE FANTASY and BACK TO JAZZ, which had been delivered to Optimism pursuant to the agreements.
 
 
 7
 After a bench trial, the court entered judgment for Mouzon awarding statutory damages under 17 U.S.C. § 504(c) for sales of albums outside the territorial limits of the agreements, and an injunction generally prohibiting violation of the agreements, and specifically enjoining the sale, distribution or reproduction of any sampler albums that included Mouzon's works without express written permission from Mouzon to do so.
 
 
 8
 After trial but prior to Mouzon's appeal, the parties attempted to reach a settlement agreement. The settlement negotiations were reflected in correspondence between the parties which set out the terms, one provision of which contemplated that Mouzon would forego any contempt proceedings against Optimism. Mouzon's appeal was filed during this time period, and Mouzon subsequently brought contempt proceedings against Optimism.
 
 
 9
 The district court entered its order adjudging Optimism in contempt of court for continuing to use Mouzon's music on its samplers, withholding royalties and failing to correct the copyright designations pursuant to the stipulation entered on October 25, 1989. Optimism appeals the order of contempt.
 
 DISCUSSION
 
 10
 Mouzon alleges a number of errors by the district court in the scheduling and conduct of the trial. Mouzon contends the court abused its discretion when it denied his motion for continuance, and in limiting witnesses' testimony pursuant to Loc.R. of C.D.Cal. 9.11.2, as well as in bifurcating the trial. These issues are within the sound discretion of the trial judge and will not be overturned on appeal absent a showing of clear abuse. Ungar v. Sarafite, 376 U.S. 575, 589 (1964); United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985). Mouzon has made no showing of abuse of discretion by the court nor any prejudice as a result of the scheduling and conduct of the trial.
 
 
 11
 Mouzon next argues that the court failed to shift the burden of proof to Optimism when Optimism raised the "first sale defense" on certain sales Mouzon alleged were for distribution in France. Mouzon contends he presented evidence that Optimism's sales to Mr. Phillipe Lebras were distributed in France and that Optimism was aware this would occur when the sales were made. In order to shift the burden of proof to Optimism under the first sale doctrine, plaintiff is required to show that the first sale was unlawful. This Mouzon failed to do. The district court found that Optimism's sales to Mr. Lebras were for distribution in Canada. This finding is supported by the record, and is not clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1984); Cooling Systems & Flexibles v. Stuart Radiator, 777 F.2d 485, 487 (9th Cir.1985). As a result of the factual findings here, there was no occasion for the court to shift the burden of proof, because the court found that the sales to Mr. Lebras were intended for distribution in Canada which is within the territorial limits of the agreement.
 
 
 12
 Mouzon also contends that Optimism's use of a vinyl recording rather than his master tape to manufacture the MORNING SUN album constituted copyright infringement. The cases cited by Mouzon in support of his argument are inapposite because the parties in those cases were not parties to an exclusive licensing agreement as here. We agree with the district court that because the licensing agreements provided that Optimism was the exclusive licensee for the manufacture and distribution of this album for a period of five years, their production of a duplicate master tape from a vinyl recording during the period of the exclusive license cannot have resulted in copyright infringement.[1]
 
 
 13
 Mouzon also argues that the district court erred in determining that Optimism's packaging of the albums MORNING SUN and BACK TO JAZZ was not deceptive nor a violation of the Lanham Act. We do not agree that the district court applied an incorrect legal standard. Rather, the district court was mindful of the legal requirements, and determined that Mouzon had failed to show any confusion or harm. Mouzon presented the testimony of two witnesses to show the likelihood of confusion. The district court properly made credibility determinations, and found that Mouzon had failed to provide any credible evidence of confusion. The findings are not clearly erroneous, and thus will not be disturbed on appeal.
 
 
 14
 The district court's finding that the defendants had not breached the agreements is correct because the allegations of breach of contract are primarily based upon the Mouzon's unsuccessful allegations of Copyright and Lanham Act violations. Insofar as the court found that Optimism violated the copyright, the court noted that the minor violations, i.e., distribution of some albums to Greece and promotional albums to England, which is outside the territorial limits of the license, did not constitute a material breach sufficient to give rise to the right of rescission, and further, that Mouzon had failed to tender back the benefits he had received in order to support his claim for rescission. Thus, for the reasons stated by the district court, the judgment as to these issues is affirmed.
 
 
 15
 With regard to the sampler albums produced and distributed by Optimism, we reverse the judgment of the district court on this issue, and remand for clarification because the judgment of August 31, 1989 is inconsistent.
 
 
 16
 The district court found that "the samplers under the conditions of this case don't constitute a copyright violation." Although this statement appears to indicate that the agreements allow distribution of the samplers under the facts of this case, the district court enjoined distribution of the samplers. "Optimism is enjoined from selling, distributing, or reproducing any sampler albums that include Mouzon's works unless Optimism obtains Mouzon's express written permission to do so."[2]
 
 
 17
 The order of contempt is affirmed as to all issues including the sampler albums. The issues raised by Optimism attack the merits of the underlying injunction and those issues must be raised on direct appeal. They may not be challenged in this appeal from the district court's finding of contempt for failing to comply with that order. In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir.1987); Sidney v. Zah, 718 F.2d 1453, 1457 (9th Cir.1983).[3] Insofar as the Order of Contempt is directed at sales of sampler albums the rule is applicable notwithstanding our reversal of the underlying order sua sponte on the ground of inconsistency. Optimism failed to raise the sampler issue, as well as the others, on direct appeal from the underlying order and accordingly is bound by the injunction. However, Optimism may not be held in contempt for any sampler violations occurring after the effective date of our order unless and until the district court issues a new order respecting that matter.
 
 
 18
 With regard to Mouzon's argument that, as the prevailing party, he should have been awarded attorney's fees, the court notes that this issue was raised in the district court in Mouzon's motion for reconsideration and again on this appeal. In light of our decision to remand on the sampler issue, the district court is not barred from reconsidering whether or not to award attorney's fees to Mouzon on remand. The parties shall bear their own costs on appeal.
 
 
 19
 Affirmed in part; reversed and remanded in part.
 
 
 
 *
 Honorable M.D. Crocker, Senior United States District Judge, Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mouzon argued that he refused to turn over the master tapes because Optimism had breached the agreements, and he had notified Optimism that he was rescinding the agreements. The district court found that Optimism had not breached the agreements. Mouzon contends that he specifically notified Optimism that the agreement was rescinded; however, the record does not contain the notification or reveal the date of such attempted rescission. Whether or not this notification was as Mouzon alleges is not critical, because the record clearly supports the district court finding that the alleged rescission was ineffective because Mouzon failed to tender back the benefits he received, and Mouzon does not dispute this finding
 
 
 [2]
 In light of our remand for clarification of the copyright issue as to the samplers, we are not required, and do not, reach the question of how the rule of custom and practice applies in copyright law
 
 
 [3]
 Having unsuccessfully sought dismissal of Mouzon's appeal based upon a purported settlement agreement, Optimism again raises the issue in the context of its appeal from the court's finding of contempt. Whether considered as a part of Mouzon's appeal or in the context urged by Optimism, the court finds no error in the district court's determination that no settlement agreement had been reached