5 F.3d 536
 1993 Copr.L.Dec. P 27,150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HARPER HOUSE, INC., Plaintiff-Appellant,
v.
THOMAS NELSON, INC; Time Maker, Inc.; National Media
Group; R.M. Marketing, Inc., Defendants-Appellees.
HARPER HOUSE, INC., Plaintiff-Appellee,
v.
THOMAS NELSON, INC; Time Maker, Inc., a corporation;
National Media Group; R.M. Marketing, Inc.,
Defendants-Appellants.
HARPER HOUSE, INC., Plaintiff-Appellee,
v.
THOMAS NELSON, INC; Time Maker, Inc.; National Media
Group; R.M. Marketing, Inc., Defendants-Appellants.
 Nos. 91-55426, 91-55550, 91-55774.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 10, 1992.
Submission Vacated Dec. 4, 1992.
Resubmitted May 5, 1993.
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-85-4225-RMT; Robert M. Takasugi, District Judge, Presiding.
 C.D.Cal.,
 REVERSED, VACATED AND REMANDED.
 Before: GOODWIN, D.W. NELSON, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case is before us for the second time. Because the facts are set out in detail in our prior decision, see Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197 (9th Cir.1989) ("Harper House I "), we note briefly here that plaintiff Harper House, Inc. ("Harper House") brought an action for copyright infringement and unfair competition against defendants Thomas Nelson, Inc., R.M. Marketing, National Media Group, and Time Maker, Inc. (collectively "defendants"). Harper House claimed that defendants' personal organizer, sold under the registered trade name "Time Maker," was substantially a copy of Harper House's personal organizers, sold under the trade names "Day Runner" and "Running Mate." In Harper House I, we vacated a verdict and judgment in favor of the plaintiff because of errors in the way the district court instructed the jury. 889 F.2d at 208. On remand, the district court granted summary judgment in favor of defendants. Harper House appeals the summary judgment, and defendants cross-appeal certain evidentiary and cost rulings. We reverse.
 
 I. Copyright Infringement
 
 3
 On remand, the district court observed that under our prior rulings pertaining to blank forms, common property, and useful articles, the individual pages of Harper House's organizers were unprotectable. Then, applying the standard we enunciated in Harper House I, the district court granted the defendants' motion for summary judgment after determining as a matter of law that no reasonable jury could find that the defendants had "bodily appropriated" Harper House's organizers. We review the district court's summary judgment de novo, Narell v. Freeman, 872 F.2d 907, 909 (9th Cir.1989), and conclude that the matter should be submitted to a jury.[1]
 
 
 4
 Even though the individual pages of Harper House's organizers were not protectable, we made clear in our prior decision that Harper House's organizers were still within the subject matter of copyright, protectable as compilations under section 101 of the Copyright Act of 1976. That protection, however, is limited to Harper House's unique "selection, coordination, or arrangement" of the various unprotectable material in its organizers.[2] See Harper House I, 889 F.2d at 205; see also Feist Publications v. Rural Telephone Serv. Co., 111 S.Ct. 1282, 1295 (1991). The question before us is therefore a narrow one: whether defendants unlawfully appropriated the unique selection, coordination or arrangement of Harper House's organizers.
 
 
 5
 We generally require that the plaintiff show "substantial similarity" of expression between both works for a finding of infringement. However, "the degree of substantial similarity required to show infringement varies according to the type of work and the ideas expressed in it." Landsberg v. Scrabble Crossword Game Players, Inc., 736 F.2d 485, 488 (9th Cir.), cert. denied, 469 U.S. 1037 (1984). In Harper House I, we held that "copyright infringement of compilations consisting largely of uncopyrightable elements should not be found in the absence of 'bodily appropriation of expression.' " 889 F.2d at 205 (quoting Worth v. Selchow & Righter Co., 827 F.2d 569, 573 (9th Cir.1987)). This standard takes into account that compilations comprised mainly of uncopyrightable elements, like factual compilations, merit only extremely limited copyright protection, id., and that the range of expression in such works is limited. See Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 491; Landsberg, 736 F.2d at 488. Accordingly, to prove infringement, Harper House must show that defendants "bodily appropriated" the selection, coordination or arrangement of their organizers.
 
 
 6
 In attempting to show infringement, Harper House focuses the court's attention on a comparison of individual pages from its organizers and those of defendants. Harper House argues that in comparing the "selection, coordination, and arrangement" of the organizers, the work as a whole must be considered, including those elements that are not copyrightable. See McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 321 (9th Cir.1987) (holding that uncopyrightable material may be considered in evaluating substantial similarity in cases involving artistic works).
 
 
 7
 We hold that page-by-page comparison is inappropriate and misleadingly prejudicial to the extent it is considered for a purpose other than to determine if the second compiler has bodily appropriated the selection, coordination or arrangement of the first compiler. Only the unique selection, arrangement and coordination of the works as a whole may be compared. See Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 493 (9th Cir.1985). Clearly, of course, this requires some analysis of the unprotected material; but we emphasize that such an analysis must be limited to a determination whether there has been "bodily appropriation" of the selection and arrangement of the unprotected elements in Harper House's organizers. See Harper House I, 889 F.2d at 205.
 
 
 8
 Although the protection afforded Harper House's organizers is limited, it is not non-existent. There are some differences in selection and arrangement between Harper House's organizers and Time Maker, defendants' organizer. The most significant is that Time Maker included four sections that have no counterparts in Harper House's organizers. On the other hand, we note that Nelson copied 63 of the 76 words used as sticker labels in Harper House's Day Runner, even copying unusual spellings such as "station'ry," "invstmnts" and "rest'r'nts." Also, while there are only so many ways a calendar can be presented, Nelson copied Harper's monthly calendar arrangement except for putting Saturday and Sunday on the left instead of the right. This copying included the small lettering for each week as "wk1, wk2." In addition, each organizer has a pad in the back of the book and a place for a pen.
 
 
 9
 We find the inclusion of additional sections and some limited reshuffling of sections in defendants' organizer to be insufficient to take this issue out of the hands of the jury. There is sufficient similarity in the selection and arrangement of the organizers to raise a genuine issue for trial.
 
 II. Pre-Trial Evidentiary Rulings
 
 10
 Because we reverse the summary judgment, and again remand the case, we must consider the cross-appeal. Defendants contend that the district court erred in issuing a blanket order limiting all witnesses and exhibits to those allowed in the first trial. We review a district court's evidentiary rulings for an abuse of discretion. United States v. Tham, 960 F.2d 1391, 1397 (9th Cir.1991).
 
 
 11
 Harper House defends the district court's order on the ground that the evidentiary rulings governing the first trial have become "law of the case." Harper House also suggests that the adverse evidentiary rulings were brought on by bad faith on the part of the defendants. We need not tarry very long on this point. Under the "law of the case" doctrine in this circuit, "it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial, barring clear error or a change in circumstances." Id. Here, we have a clear change in circumstances. We have a new case, with new law, and a new legal environment for any trial that may be required. It would be unfair to all parties to hold them to evidence that was presented in the first trial if in fact different evidence has become material because of the new legal environment of the litigation.
 
 
 12
 In order to clear the field for a trial based on the actual facts and the law as outlined in Harper House I and in this disposition, we vacate the district court's blanket order. The parties are free to ask the trial judge to reconsider evidentiary rulings that are inconsistent with the new legal circumstances of the case.
 
 III. Costs
 
 13
 After we reversed and remanded in Harper House I, defendants, as the prevailing parties, applied for taxation of their costs on appeal pursuant to Rule 39 of the Federal Rules of Appellate Procedure. The district court, however, held that defendants would not be able to recover the costs of a supersedeas bond, totalling $43,590, on the ground that the bond premium had been advanced by defendants' insurer rather than directly by defendants. This ruling was error.
 
 
 14
 It is immaterial whether the appellant obtained the bond from insurance or by borrowing from relatives. The appellant prevailed on appeal, and the cost of the bond is part of the costs to which the prevailing appellant is entitled as a matter of law and equity.
 
 
 15
 On remand, the district court will determine, as a matter of fact, whether the premium for the supersedeas bond was actually paid, and if such costs were in fact incurred, they may be recovered as a matter of right.
 
 
 16
 The summary judgment is REVERSED, the rulings on preclusion of evidence are VACATED, and the ruling on the cost bill is VACATED and REMANDED for a factual determination. The cause is remanded for further proceedings, with costs on appeal to the appellant as the prevailing party.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although we reverse summary judgment, we reject Harper House's argument that summary judgment is precluded under Shaw v. Lindheim, 908 F.2d 531 (9th Cir.1990). Shaw by its own terms is limited to literary works, id. at 537, and cannot be readily applied to compilation cases. The question of infringement in compilation cases is necessarily much more narrow than in more artistic works. See Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 492-93 & n. 9 (9th Cir.1985)
 
 
 [2]
 We also acknowledged that Harper House was entitled to protection of the instructional text and headings contained in their organizers as literary works. These items, however, are not at issue in this case