77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Veronica DARBY, Plaintiff-Appellant,
v.
KIMBERLY-CLARK CORPORATION Defendant-Appellee.
 No. 94-55773.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided Feb. 14, 1996.
 
 1
 Before: BRUNETTI, KOSINSKI, Circuit Judges, HAGEN*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Veronica Darby appeals the district court's ruling that she failed to establish environmental sexual harassment under California's Fair Employment and Housing Act (FEHA). We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 4
 We review findings of fact following a bench trial for clear error. F.R.A.P. 52(a); Cooling Systems and Flexibles v. Stuart Radiator, Inc., 777 F.2d 485, 487 (9th Cir.1985). A court's determination as to the existence of discrimination is an ultimate finding of fact and, as such, is reviewed for clear error. Kimbrough v. Secretary of State, 764 F.2d 1279, 1281 (9th Cir.1985).
 
 
 5
 The district court's ruling that Darby failed to establish environmental sexual harassment was not clearly erroneous. To prove a violation of the FEHA based on a hostile working environment, the plaintiff must demonstrate unwelcome harassment, based on gender, which is "sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." Fisher v. San Pedro Peninsula Hospital, 214 Cal.App.3d 590, 608 (1989). The validity of a hostile work environment claim under FEHA must be determined from the totality of the circumstances. Id. Under FEHA, an employer may be held liable for coworker harassment only where the employer "knows or should have known of this conduct and fails to take corrective action." Cal.Govt.Code § 12940(h)(1).
 
 
 6
 The court found that Darby failed to establish all the required elements for hostile work environment sexual harassment as laid out by Fisher. In making this finding, the court considered testimony regarding the warehouse incident forming the basis of the rumors, testimony that Darby herself told two coworkers that she had been accused of having sex in the warehouse with Osborne and another man, and the fact that Darby worked only two days after the incident before she voluntarily quit.
 
 
 7
 Darby cites two Title VII cases for the proposition that an employer's failure to quell coworker rumors about a plaintiff creates a hostile work environment for which an employer is liable. It is appropriate, but not required, to look to Title VII case law for guidance in determining employer liability under FEHA[1]; however, the Title VII case law cited by plaintiff does not conclusively establish employer liability for failure to quell rumors among coworkers. At most, cases such as Spain v. Gallegos, 26 F.3d 439 (9th Cir.1994), and Jew v. University of Iowa, 749 F.Supp. 946 (S.D.Iowa, 1990), establish that, in unusual circumstances, failure to quell rumors may be a factor to be considered in determining whether a hostile work environment exists.
 
 
 8
 In contrast to the facts in Spain and Jew, the rumors in this case were not caused and perpetuated by the inappropriate conduct of any supervisory employee, and Darby failed to establish the gender-discriminatory nature of the rumors. Under Fisher, a plaintiff must prove that the unwelcome harassment was based on gender. Fisher, 214 Cal.App.3d 590, 608 (1989). Therefore, under Fisher, she could not prove a hostile work environment based on sex. Under the facts in this case, the district court's ruling was not clearly erroneous.
 
 Baker's Remarks
 
 9
 The district court found that Darby failed to prove that any remarks Baker may have made were sufficiently pervasive to alter the conditions of her employment and create an abusive working environment. In making this finding, the court considered Darby's testimony that Baker made sexually offensive remarks to her on four occasions over a 20-month period, that she did not report these incidents to coworkes, management, union representatives or anyone else working at Kimberly-Clark, nor any of the mental health professionals who treated her after she terminated her employment. The court also considered the fact that the other witnesses testifying at trial denied personal knowledge of any harassment of Darby by Baker and denied that Darby had ever mentioned such harassment to them.
 
 
 10
 The district court's findings of fact and conclusions of law addressed the Baker remarks and the rumors separately, without explicitly stating that a totality of the circumstances analysis involving both factors was conducted. Darby argues that it was error for the district court to consider the rumors separately from the alleged harassing remarks made by Baker. There was no error, however. We are satisfied that the court considered the totality of the circumstances in concluding that the rumors were not discriminatory. Therefore, the court was correct in measuring only the Baker remarks against the hostile work environment standard.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Darby argues that Title VII case law holds employers liable for failure to quell rumors, and that the court erred in not looking towards Title VII case law for guidance. Although California cases interpreting FEHA have often relied on Title VII case law, the California cases employ descriptive or permissive, rather than mandatory, language. The case relied upon by Darby, Fisher v. San Pedro Peninsula Hospital, 214 Cal.App.3d 590 (1989), establishes only that reference to Title VII case law in interpreting FEHA is permissible where no reported California decisions exist regarding the matter at issue