Carolyn N. McCULLOCH, Lucyann W. Cameron, Elizabeth P. Smoot, the Original Red Plate Company, Plaintiffs-Appellees,

v.

ALBERT E. PRICE, INC., Defendant-Appellant.

Nos. 86–6241, 86–6751.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 1987.

Decided July 28, 1987.

---

Leonard Tachner, Newport Beach, Cal., for plaintiffs-appellees.

Thomas J. Daly, Pasadena, Cal., for defendant-appellant.

Before ALARCON, NELSON and O'SCANNLAIN, Circuit Judges.

ALARCON, Circuit Judge:

Defendant-appellant Albert E. Price, Inc. (Price, Inc.) appeals the judgment awarding damages, injunctive relief and attorney's fees to Carolyn N. McCulloch, Lucyann W. Cameron, Elizabeth P. Smoot, and the Original Red Plate Company (collectively referred to as plaintiffs or ORP) for copyright infringement following a bench trial.

Price, Inc. contends (1) the district court failed to apply the first prong of this court's two-part test for "substantial similarity" to determine copyright infringement, (2) the district court failed to conclude that the "idea" and "expression" behind ORP's plate are inseparable and thus not subject to copyright protection, (3) the district court failed to discount the phrase, "You Are Special Today," in evaluating the two-part substantial similarity test for copyright infringement, and (4) the district court abused its discretion in awarding attorney's fees. We affirm in part, and reverse and remand the issue of attorney's fees.

## I.

Carolyn N. McCulloch, Lucyann W. Cameron, and Elizabeth P. Smoot jointly designed a decorative red plate which bears the phrase "You Are Special Today." The plate is red with white lettering and contains a floral design. The designers formed The Original Red Plate Company to market their creation. The plaintiffs also developed a booklet entitled "The Magic of the Red Plate" to accompany each sale.

In March 1979, prior to the first sale of the plate, the plaintiffs filed an application with the Copyright Office to register their plate as an unpublished work. A copyright, certificate number VAu–8–504, was issued effective July 9, 1979. ORP also applied for and received a copyright certificate on the plate and booklet in 1982.

In January 1984, ORP filed a complaint claiming copyright and trademark infringement. These claims were based on Price, Inc.'s sale of a decorative plate which bears the phrase "You Are Special Today" and a floral rose design. The plate is white with red lettering. Price, Inc. began selling its plate in 1983.

The district court granted Price, Inc.'s motion for summary judgment on the trademark infringement claim. ORP has not appealed this order.

Following a bench trial, the district court held that (1) Price, Inc. infringed ORP's copyright by copying and selling its plate, (2) Price, Inc. is enjoined from making further sales of the infringing plate, (3) Price, Inc.'s inventory of infringing plates is to be destroyed, and (4) Price, Inc. is liable to ORP for its damages and profits derived by Price, Inc. as a result of the copyright infringement. The court awarded ORP costs and attorney's fees.

## II.

Findings of fact are subject to the clearly erroneous standard of review. *Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc.,* 777 F.2d 485, 487 (9th Cir.1985); *Anderson v. City of Bessemer City,* 470 U.S. 564, 572, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The issue of "substantial similarity" of expression is a finding of fact reviewable for clear error. *Cooling Systems,* 777 F.2d at 487. Awards of attorney's fees in copyright claims are reviewed for abuse of discretion. *Id.*

## III.

To make out a claim for copyright infringement, the plaintiff must establish that (1) he owns the copyright in the work in question, (2) the defendant had access to the copyrighted work, and (3) there is "substantial similarity" not only of the general ideas of the works but of the expression of those ideas as well. *Landsberg v. Scrabble Crossword Game Players, Inc.,* 736 F.2d

485, 488 (9th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984) (citing *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1164 (9th Cir.1977)). In this case, it is undisputed that ORP owns the copyright in its work, and that Price, Inc. had access to it.

We have developed a two-step test to determine substantial similarity in the ideas of a work and their expression. *Cooling Systems,* 777 F.2d at 492 n. 9; *Litchfield v. Spielberg,* 736 F.2d 1352, 1356 (9th Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). Similarity of *ideas* may be shown by an extrinsic test which focuses on similarities in the objective details of the works. *Litchfield,* 736 F.2d at 1356. This step is extrinsic "because it depends not on the responses of the trier of fact, but on specific criteria which can be listed and analyzed." *Krofft,* 562 F.2d at 1164. The extrinsic test "may often be decided as a matter of law." *Id.*

Similarity of *expression* depends on a subjective, intrinsic test which focuses on the response of the "ordinary reasonable person" to the works. *Litchfield,* 736 F.2d at 1356. The issue is whether the "ordinary reasonable person" would find the "total concept and feel" of the works showed substantial similarity. *Id.* at 1357. The intrinsic test "is uniquely suited for determination by the trier of fact...." *Krofft,* 562 F.2d at 1166.

■ Price, Inc. contends the district court failed to apply this court's two-step test for substantial similarity. Price, Inc. argues "the district court short circuited this two-step test by proceeding directly to the second step," and that "no findings were made on the idea behind ORP's plate or on the substantial *similarity of ideas* behind ORP's plate and Price's plate." (Emphasis added).

Paragraph 17 of the district court's Findings of Fact states that Price, Inc.'s plate "is confusingly similar in appearance to Plaintiffs' plate...." This finding satisfies the similarity of ideas prong of the two-part test applied in *Litchfield.* In *Litchfield,* we stated that the similarity of

ideas prong may be shown by focusing on the similarities in the objective details of the works. 736 F.2d at 1356. Concluding that the plates are "confusingly similar in appearance" is tantamount to finding substantial similarities in the objective details of the plates. Thus, although the district court did not expressly state that it was applying the two-part test, it is clear from the record that the court found a similarity of ideas and expression.

Price, Inc. next argues that "[e]ven if the ideas behind the ORP plate and the Price plate are substantially similar, the failure to identify the idea behind the ORP plate undermined the district court's ability to properly evaluate the scope of copyright protection to be accorded ORP's work."

■ Under our two-part test for copyright infringement, it is not necessary to determine the scope of copyright protection or to identify the idea behind the ORP plate as suggested by Price, Inc. Price, Inc. has not cited any authority which supplements this court's two-part test for copyright infringement with these additional elements, and our research has disclosed none. The district court did not err in failing to identify the idea behind the ORP plate or to determine the scope of copyright protection accorded the ORP plate.

## IV.

Price, Inc. also contends the district court's finding that the ORP plate and the Price, Inc. plate are substantially similar is clearly erroneous. Price, Inc. argues that "[a]ny similarities in the two plates are the unavoidable consequence of expressing the same uncopyrightable idea," relying on *Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738 (9th Cir.1971).

In *Kalpakian,* plaintiff sued for copyright infringement of its jeweled bee pin claiming it should be protected against the manufacture of any substantially similar object. 446 F.2d at 739. We concluded that the plaintiff had failed to establish substantial similarity.

What is basically at stake is the extent of the copyright owner's monopoly—

from how large an area of activity did Congress intend to allow the copyright owner to exclude others? We think the production of jeweled bee pins is a larger private preserve than Congress intended to be set aside in the public market without a patent. A jeweled bee pin is therefore an "idea" that defendants were free to copy. Plaintiff seems to agree, for it disavows any claim that defendants cannot manufacture and sell jeweled bee pins and concedes that only plaintiff's particular design or "expression" of the jeweled bee pin "idea" is protected under its copyright. *The difficulty, as we have noted, is that on this record the "idea" and its "expression" appear to be indistinguishable.* There is no greater similarity between the pins of plaintiff and defendants than is inevitable from the use of jewel-encrusted bee forms in both.

*When the "idea" and its "expression" are thus inseparable, copying the "expression" will not be barred, since protecting the "expression" in such circumstances would confer a monopoly of the "idea" upon the copyright owner free of the conditions and limitations imposed by the patent law.*

*Id.* at 742 (emphasis added). In *Krofft,* we further explained:

The idea and the expression will coincide when the expression provides nothing new or additional over the idea.... [¶] When idea and expression coincide, there will be protection against nothing other than identical copying of the work.... [T]he scope of copyright protection increases with the extent expression differs from the idea.

562 F.2d at 1168.

The *Krofft* court provides a test for determining whether idea and expression are indistinguishable: "If, in describing *how a work is expressed,* the description differs little from a *simple* description of *what the work is,* then idea and expression coincide." *Id.* at 1168 n. 10 (emphasis added). Put otherwise, "if a work cannot be described in abstract terms, the expression adds nothing to the idea." *Midway Mfg. Co. v. Bandai-America, Inc.,* 546 F.Supp. 125,

148 n. 23 (D.N.J.1982), *aff'd,* 775 F.2d 70 (3d Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

■ Lucyann Cameron, one of the co-designers of the ORP plate, testified "[t]he idea behind the plate was to honor somebody at dinner if they had done something." This idea is expressed in a red plate with the phrase "You Are Special Today" printed around the rim of the plate. Clearly there are many other possible ways of honoring someone special at dinner. Traditionally, plaques, gold watches, and jeweled pins have also been used to express such appreciation. The idea and its expression are not unified in this case under the *Krofft* test.

## V.

■ Price, Inc. claims that the district court erred in considering the uncopyrightable phrase, "You Are Special Today," in evaluating substantial similarity. Relying on this court's decision in *Cooling Systems,* Price, Inc. argues that after discounting the uncopyrightable phrase, the ORP plate and the Price, Inc. plate "are not similar, much less substantially similar...." ORP responds that under *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106 (9th Cir.1970), a proper analysis of this issue requires that all of the elements of the work, including the uncopyrightable text, be considered as a whole in determining copyright infringement. We agree.

In *Roth Greeting Cards,* both litigants were engaged in the greeting card business. 429 F.2d at 1107. Roth brought an action claiming copyright infringement of seven studio greeting cards. *Id.* We concluded that the textual matter of each card, considered apart from its arrangement on the cards and its association with artistic representations, was not original to Roth and therefore not copyrightable. *Id.* at 1109. We held, however, that textual material should be considered to determine copyright infringement even though it is not copyrightable: "[P]roper analysis of the problem requires that *all elements* of each card, *including text,* arrangement of

text, art work, and association between art work and text, be considered as a whole." *Id.* (emphasis added).

Price, Inc. attempts to distinguish *Roth Greeting Cards* on its facts by arguing that "the allegedly infringing greeting cards were similar in much more than the unprotectable element involved, the text." This argument is not supported by the record. The district court found the plates "confusingly similar in appearance," and concluded: "Analysis of the copying issue calls for an assessment of the concept, feel and mood of the respective works when considered in their totalities." The district court's finding supports the conclusion that the plates were substantially similar in more than text.

Price, Inc. asserts that our decision in *Cooling Systems* requires us to discount the text "You Are Special Today" in evaluating substantial similarity. In *Cooling Systems,* the subject matter of the copyright infringement action was an illustrated radiator catalog. 777 F.2d at 486. We held that plaintiffs misapplied the intrinsic test for substantial similarity, and explained:

> What is important is not whether there is substantial similarity in the total concept and feel of the works, but whether the very small amount of protectible expression in Cooling Systems' catalog is substantially similar to the equivalent portions of Stuart's catalog.

*Id.* at 493 (citation omitted). *Cooling Systems* is inapplicable because the instant case involves an *artistic* work, while *Cooling Systems* involved a *factual* work. In this respect, we noted as follows:

> The works at issue here contain a great many unprotectible facts and very little protectible expression of arrangement of those facts. This is not altogether surprising. Catalogs, by definition, are saturated with facts, numbers, and literal depictions of concrete objects. As we emphasized in an only slightly different context, *copyright law considers factual works to be fundamentally different from more artistic works:* "similarity of expression may have to amount to verba-

tim reproduction or very close paraphrasing before a factual work will be deemed infringed."

777 F.2d at 491 (quoting *Landsberg,* 736 F.2d at 488). Works that are not factual receive much broader protection under the copyright laws because of the endless variations of expression available to the artist. *Landsberg,* 736 F.2d at 488.

## VI.

Price, Inc. further contends the district court erred in finding that ORP had secured a copyright on its plate as a whole. We are asked to conclude instead that the copyright only protected the floral designs on the plate. Price, Inc. argues that ORP should be estopped from claiming copyright protection beyond the floral designs on its plate.

Price, Inc.'s first claim is belied by the record. The district court did not make a finding that ORP had a copyright on its plate as a whole. Price, Inc. cites finding of fact paragraph 11 and conclusion of law paragraph 7 to support this assertion. The record does not support Price, Inc.'s contention. The court found as follows:

11. Plaintiffs have properly secured registration of their plate in the United States Copyright Office, both prior and subsequent to "publication" of their plate.

Based on this finding, the court concluded:

7. Proper analysis of the copyrightability of Plaintiffs' ornamental plate requires that the work be considered as a whole, including any elements which may not be independently copyrightable apart from the work. *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106 (CA 9, 1970).

Price, Inc. next claims ORP should be estopped from claiming copyright protection extending beyond the floral designs in its plate. Price, Inc. argues that estoppel arose when the Copyright Office notified ORP regarding its third application for copyright "that the only portion of the work which is subject to copyright protection is the three floral illustrations applied to the plate." This claim is without merit.

ORP filed its complaint for copyright infringement against Price, Inc. on January 16, 1984 based upon the copyrights obtained on its plate in 1979 and 1982, and Price, Inc.'s sale of its plate beginning in 1983. On August 9, 1984, *after* this action was filed, ORP filed a third application for copyright. On January 10, 1985, the copyright examiner notified ORP that only the three floral illustrations on the plate are subject to copyright protection. Price, Inc. failed to present any evidence that it produced the plates which are the subject of this action in reliance on the filing of the third application or the copyright examiner's statement that only the flower illustrations are copyrightable. Reliance is an essential element of estoppel. *United States, Youngstown Welding & Eng'g Co. v. Travelers Indem. Co.*, 802 F.2d 1164, 1168 (9th Cir.1986); *see also* 3 M. Nimmer, *Nimmer on Copyright* § 13.07, at 13–133 ("Principles of estoppel applicable elsewhere in the law are equally applicable in copyright infringement actions."). Under these facts, there was no estoppel.

## VII.

Finally, Price, Inc. contends the district court abused its discretion in awarding ORP attorney's fees totalling $24,637.75. Price, Inc. argues the district court did not make a finding of bad faith or frivolity as required by our recent decision in *Cooling Systems.* Price, Inc. does not challenge the amount of attorney's fees the district court awarded.

■ The Copyright Act permits a district court to award attorney's fees to the prevailing party in its discretion. 17 U.S.C. § 505. We will not reverse such an award absent abuse of discretion. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir.1985), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986).

In *Cooling Systems*, the district court awarded attorney's fees to the defendants under 17 U.S.C. § 505. 777 F.2d at 486. On appeal, plaintiff contended the district court abused its discretion in awarding attorney's fees without making a finding that the claim for infringement was frivolous or in bad faith. *Id.* at 486, 493. We explained the applicable standard that must be met to support an award of attorney's fees in this situation: "Although, in some other circuits, an award of attorneys' fees to the prevailing party in a copyright case does not require a finding of bad faith or frivolity, we predicate an award under 17 U.S.C. § 505 (1982) on such a finding." *Id.* at 493 (citations omitted). After independently reviewing the record, we concluded there was "sufficient indicia of bad faith and frivolity to justify the district court's holding." *Id.*

*Cooling Systems* is not applicable to the instant matter. *Cooling Systems* involved an award of attorney's fees to a prevailing *defendant.* In the instant case, the district court awarded attorney's fees to the prevailing *plaintiff.* "[A] showing of bad faith or frivolity is not a requirement of a *grant* of fees" to a prevailing plaintiff. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir.1982) (emphasis in original). "[T]he considerations prompting an award of fees to a successful plaintiff must of necessity differ from those determining whether a prevailing defendant is entitled to such an award." *Breffort v. I Had A Ball Co.*, 271 F.Supp. 623, 627 (S.D.N.Y.1967). In this circuit, we have not considered the standard to be applied in copyright cases under 17 U.S.C. § 505 for an award of attorney's fees when the *plaintiff* is the prevailing party.

As noted above, we have previously determined that an award of attorney's fees to a defendant under section 505 must be predicated on a finding of bad faith or frivolity. *See, e.g., Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1435 (9th Cir.1986); *Cooling Systems*, 777 F.2d at 493. "When attorney's fees are awarded to a prevailing defendant, the award represents a penalty for the institution of a frivolous or bad faith suit." *Jartech, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 58, 74 L.Ed.2d 62 (1982); *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1156 (9th Cir.1986). "[A]ttorneys' fees to

prevailing defendants [should] be awarded circumspectly to avoid chilling a copyright holder's incentive to sue on 'colorable' claims." *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir.1986).

Because section 505 is intended in part to encourage the assertion of colorable copyright claims, *Roth*, 787 F.2d at 57, to deter infringement, *Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir.1984), and to make the plaintiff whole, *Davis v. E.I. DuPont de Nemours & Co.*, 257 F.Supp. 729, 731 (S.D.N.Y.1966), fees are generally awarded to a prevailing plaintiff. *Diamond*, 745 F.2d at 148. However, we do not believe Congress intended that the prevailing plaintiff should be awarded attorney's fees in every case. *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 155–56 (3d Cir.1986). Considerations which justify the denial of fees may include (1) the presence of a complex or novel issue of law that the defendant litigates vigorously and in good faith, (2) the defendant's status as innocent, rather than willful or knowing, infringer, (3) the plaintiff's prosecution of the case in bad faith, and (4) the defendant's good faith attempt to avoid infringement. *Ford Motor Co. v. B & H Supply, Inc.*, 646 F.Supp. 975, 992 (D.Minn.1986); *Van Halen Music v. Palmer*, 626 F.Supp. 1163, 1167 (W.D.Ark.1986); *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 915 (D.Conn.1980). We do not intend by this recitation to limit the factors to those mentioned above.

The district court did not make a finding concerning the basis for the award of attorney's fees. Thus we do not know what motivated the district court to award fees. For that reason, we reverse and remand this issue to the district court to make an express finding as to the basis for the award of attorney's fees. *See Lieb*, 788 F.2d at 154.

### VIII.

ORP seeks attorney's fees on appeal under Fed.R.App.P. 38. ORP has not requested attorney's fees on appeal under 17 U.S.C. § 505.

Federal Rule of Appellate Procedure 38 states that if we "determine that an appeal is frivolous, [we] may award just damages" to the appellee. This may include attorney's fees. *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981). "An appeal is considered frivolous in this circuit when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.* (citations omitted).

In the instant matter, the result was not obvious. The standard to be applied under section 505 in awarding attorney's fees to a prevailing *plaintiff* is a novel issue for this circuit. Similarly, we do not find Price, Inc.'s appellate contentions "wholly without merit." Thus, we decline to award ORP attorney's fees on appeal under Fed. R.App.P. 38.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART as to the issue of attorney's fees.