GOLDEN TORCH MUSIC CORP., et al., Plaintiffs,

v.

PIER III CAFE, INC., John J. Cusmano, and George F. Macaluso, Defendants.

Civ. No. B–87–295 (WWE).

United States District Court, D. Connecticut.

April 22, 1988.

Robert Keepnews, Tyler, Cooper, Alcorn, Hartford, Conn., for plaintiffs.

No Appearances filed in behalf of defendants.

SUPPLEMENTAL RULING ON MOTION FOR DEFAULT JUDGMENT

EGINTON, District Judge.

On May 5, 1987, plaintiffs initiated this action for infringement of their copyrights in eight musical compositions by unauthorized public performance. The summons and complaint were served on the defend-

ants on May 13, 1987 and May 15, 1987. The defendants have failed to appear, answer or otherwise move with respect to the complaint in this action, and on June 12, 1987, a default was entered under Rule 55(a), F.R.Civ.P., against the defendants. On January 6, 1988, the court entered judgment against the defendants on the issue of liability. The court pursuant to Rule 55(b)(2) will now determine damages.

Defendant Pier III Cafe, Inc. owns, controls, manages and maintains a place of business for public entertainment and accomodation known as the Pier III Cafe, 8–10 East Broadway, Milford, Connecticut (Complaint, Paragraph 4). Defendant John J. Cusmano is Secretary and Treasurer of Pier III Cafe, Inc. and Defendant George F. Macaluso is the holder of the liquor license for the Pier III Cafe (Complaint, Paragraph 5). The individual defendants share joint responsibility for the control, management, operation and maintenance of the affairs of the establishment and the acts of infringement were done with their active assistance, cooperation and procurement (Complaint, Paragraph 5).

Plaintiffs in this action are music publishers and copyright owners of the eight musical compositions at issue in this suit. Plaintiffs are also members of the American Society of Composers, Authors and Publishers ("ASCAP") to which they have granted a non-exclusive right to license public performances of their copyrighted musical compositions. · In this case, the defendants declined ASCAP's offer of a license agreement, and performed the plaintiffs' copyrighted works without such an agreement.[1]

Plaintiffs seek the following relief: 1) an injunction prohibiting further infringing performances; 2) statutory damages of $1,000 for each cause of action; and 3) costs, including reasonable attorneys' fees.

Generally, a plaintiff is entitled to a permanent injunction in a copyright action when liability has been established and there is a threat of continuing violation. *Encyclopaedia Britannica Ed. Corp. v. Crooks*, 542 F.Supp. 1156, 1187 (W.D.N.Y. 1982) (quoting *Universal City Studios, Inc. v. Sony Corp. of America*, 659 F.2d 963, 976 (9th Cir.1981). Moreover, under the Copyright Act of 1976, the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of copyright." 17 U.S.C. § 502(a).

Plaintiffs have established, without dispute, that defendants infringed upon plaintiffs' copyrights despite numerous letters and visits by ASCAP representatives informing the defendants of their liability under the copyright laws. (Complaint, Paragraph 12(b)). Plaintiffs also contend that that defendants continue to perform copyrighted music without authorization. (Complaint, Paragraph 11). In view of the past violations by defendants and the unrebutted assertion of plaintiffs that an injunction is necessary to restrain the defendants from making further violations of the copyright laws, plaintiffs have established their right to a permanent injunction.

Section 504 of the Copyright Act deals with damages in copyright infringement cases. Subsection (a) of that section provides that "an infringer of copyright is liable for either—1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or 2) statutory damages, as provided by subsection (c)."

Here the plaintiffs have opted for statutory damages. Subsection (c)(1) provides in part that:

> the copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $250 or more than $10,000 as the court considers just.

17 U.S.C. § 504(c)(1).

Within the range set forth in subsection (c)(1), the assessment of statutory damages

---

1. Pursuant to Rule 8(d), F.R.Civ.P., the averments, not denied, contained in plaintiffs' complaint are deemed to be admitted.

lies within the court's sound discretion and sense of justice. *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D.Conn. 1980) (J., Blumenfeld). Among the factors to be taken into account in arriving at a determination of damages are the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind. *Boz Scaggs, supra.*

In an affidavit in support of plaintiffs' motion for default judgment, John Sloate, District Manager for ASCAP, states that had the defendants been properly licensed and been paying license fees from 1983 through 1987, they would have paid AS-CAP approximately $1490.63. Sloate also states that ASCAP has incurred out-of-pocket expenses as a result of investigations which had to be conducted to determine whether defendants were continuing to publicly perform the copyrighted compositions. Finally, Sloate states that over the years ASCAP representatives contacted defendants numerous times by phone, by letter, and in person, in an effort to convince defendants to obtain an ASCAP license. In spite of ASCAP's efforts, Sloate asserts that the defendants have been and continue to be knowing and wilful infringers and therefore, an award of $1000 per violation is an appropriate amount to deter defendants from violating the copyright laws in the future.

Considering all the circumstances herein, the court assesses statutory damages in the requested amount of $1000 per violation.

Finally, plaintiffs have moved for costs and attorneys fees and have submitted a memorandum and affidavit in support thereof. Section 505 of the Copyright Act, 17 U.S.C. § 505, provides that "in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or any officer thereof.... [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

The award of full costs other than attorneys' fees is mandatory, *Boz Scaggs,* *supra* at 915, and accordingly plaintiffs will be allowed to recover costs incurred by them in the amount of $235.80.

The award of reasonable attorneys' fees in a copyright action lies within the sound discretion of the trial court. *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 122 (2d Cir.), *cert. denied*, 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962). The determination of whether a prevailing party is entitled to an award of attorneys' fees depends in part upon whether the plaintiff or defendant prevails. Since the Copyright Act is intended to encourage suits to redress copyright infringement, fees are generally awarded to prevailing plaintiffs. *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir. 1986); *Diamond v. Am–Law Pub. Corp.*, 745 F.2d 142, 148 (2d Cir.1984).

Considerations justifying denial of an award of attorneys' fees in a copyright action include the presence of a complex or novel issue of law that the defendant litigates vigorously and in good faith; an innocent state of mind on the part of the defendant as opposed to a knowing and wilful one; the plaintiff's prosecution of the action in bad faith; and the defendant's good faith attempt to avoid infringement. *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316 (9th Cir.1987).

None of those justifications apply in this case. The undisputed allegations set forth by the plaintiffs indicate knowing and wilful intent on the part of the defendants. Additionally, their efforts to defend this action have been non-existent. Finally, the defendants made no attempt to avoid infringing the plaintiffs' copyrighted works after being informed of the infringement.

Accordingly, the court finds that plaintiffs' request for an award of attorneys' fees in the amount of $1902.90 is reasonable and appropriate.

### ORDERS

In accordance with the determinations made above, it is,

ORDERED AND ADJUDGED that a permanent injunction shall issue prohibiting and restraining defendants, their employees, and all others acting on their behalf from publicly performing, or causing

to be performed, or aiding and abetting the public performance of the compositions that are the subject matter of this suit unless the defendants obtain proper authorization. It is further,

ORDERED AND ADJUDGED that the plaintiffs recover of and from the defendants jointly and severally infringement damages of one Thousand and 00/100 Dollars ($1,000) for each of the eight infringements complained of, for a total of Eight Thousand and 00/100 Dollars ($8,000). It is further,

ORDERED AND ADJUDGED that the plaintiffs be awarded attorneys fees and costs as set forth in the affidavits filed herein of Two Thousand, One Hundred Thirty–Eight and 70/100 Dollars ($2,138.70). It is further,

ORDERED AND ADJUDGED that final judgment is entered herein for the plaintiffs against the defendants for the total sum of Ten Thousand, One Hundred Thirty–Eight and 70/100 Dollars ($10,138.70), plus interest thereon at the legal rate from the date of judgment until paid, for all of which let execution or other appropriate process issue.