**STONE CITY MUSIC, Zomba Enterprises, Inc., Barry J. Eastmond Music, Wayne A. Brathwaite Music, Jobete Music Co., Inc., Black Bull Music, Inc. and Gladys Music, Plaintiffs,**

v.

**John SANTILLANES, Jr., Defendant.**

Civ. No. 88–631–MA.

United States District Court,
D. Oregon.

Dec. 2, 1988.

Herbert H. Anderson, Bruce C. Hamlin, Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, Or., for plaintiffs.

## OPINION

MARSH, District Judge.

Plaintiffs filed suit alleging infringement of copyrights in musical compositions, pursuant to 17 U.S.C. §§ 502(a), 504(c), and 505. Defendant failed to answer plaintiffs' complaint, and an order of default was entered on July 15, 1988. Plaintiffs now seek an entry of default judgment.

### BACKGROUND

The defendant, Mr. Santillanes, is the proprietor of the Mt. Park Restaurant and Lounge, an establishment that hosts musical groups. Defendant's license with the American Society of Composers, Authors, and Publishers (ASCAP) was cancelled on October 18, 1986, for failure to pay licensing fees. ASCAP sent a series of letters to Mr. Santillanes warning him that when musical groups performed certain compositions on his premises, that placed him in violation of copyright laws. These letters threatened litigation, but drew no response from defendant. The record shows that in a June 6, 1987 telephone conversation Mr. Santillanes stated that perhaps the parties could "work something out."

On November 28, 1987, two ASCAP representatives investigated defendant's establishment to document any possible copyright violations. During the course of the evening, the "Manilla Vanilla Band" performed four songs to which ASCAP owned the copyrights.

### DISCUSSION

Plaintiffs offer two affidavits stating that the four compositions were performed. Plaintiffs give the copyright registration numbers of each of the four songs, and put forth evidence that defendant's license had expired. All of these assertions are uncontroverted; they are presumed to be true. See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc., 772 F.2d 505, (9th Cir.1985) ("A trier of fact may properly reject uncontroverted testimony [only] with good reason[,]" such as inherent unbelievability. Id. at 514 n. 8).

Defendant did not personally perform the songs, but as proprietor, he is responsible for copyright infringements which musicians commit on his premises. "[I]t has long been held that one may be liable for copyright infringements even though he has not himself performed the protected composition. For example, a person who has promoted or induced the infringing acts of the performer has been held jointly and severally liable as a 'vicarious' infringer." Gershwin Publishing Corp. v. Columbia Artists Man., Inc., 443 F.2d 1159, 1161–62 (2d Cir.1971) (footnote omitted). The Ninth Circuit cited Gershwin for this principle in Universal City Studios, Inc. v. Sony Corp. of America, 659 F.2d 963, 975 (9th Cir.1981). See also International Korwin Corp. v. Kowalczyk, 665 F.Supp. 652 (N.D.Ill.1987). I am convinced that defendant has violated plaintiffs' copyright; the remaining task is to determine the remedy.

Plaintiffs first request an injunction preventing defendant from supervising the performance of ASCAP compositions without a license. Seventeen U.S.C. § 502(a) provides for an injunction to prevent future copyright infringement. "The grant or denial of an injunction rests with the sound discretion of the trial court." Transgo, Inc. v. AJAC Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir.1985). "[C]ourts have traditionally been willing to grant permanent injunctions once liability is established and a continuing threat to the copyright exists." National Football League v. McBee & Bruno's, Inc., 792 F.2d 726, 732 (8th Cir.1986). See also Milene Music, Inc. v. Gotauco, 551 F.Supp. 1288 (D.R.I.1982). Defendant's refusal to renew

his ASCAP license indicates the likelihood of future violations. Such conduct should be discouraged. The circumstances here warrant an injunction.

■ Plaintiffs next request monetary damages. Seventeen U.S.C. § 504 provides that a copyright owner may recover either actual damages, § 504(b), or statutory damages, § 504(c). Whether statutory damages should be granted, and if so, in what amount, are matters left to the discretion of the Court. *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984); *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 2–3 (1st Cir.1983). The Court should consider the "expenses saved and profits reaped by the defendant in connection with the infringements, the revenues lost by plaintiffs as a result of the defendants' conduct, and the infringers' state of mind—whether willful, knowing, or merely innocent." *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908 (D.Conn. 1980). *See also F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (Damages that merely take away profit do not create an effective sanction; they should be substantial enough to deter wrongful conduct.)

Plaintiffs suggest a $1000 award for each infraction. In view of damages in similar cases, and taking note of defendant's willful violation, this Court deems $1000 per infraction entirely appropriate. *See Wenaha v. Gallagher*, CV No. 87–854–JU, Findings and Recommendations of March 25, 1988. (Magistrate Juba awarded $1500 for each of four infractions.) Here, at $1000 per infringement, statutory damages equal $4000.

■ Finally, plaintiffs request to be reimbursed for attorneys fees and costs. Seventeen U.S.C. § 505 permits the court, in its discretion, to award these costs. While generally a prevailing defendant must show bad faith in order to receive attorneys fees, such is not the case for a prevailing plaintiff. *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316 (9th Cir.1987).

Because section 505 is intended in part to encourage the assertion of colorable copyright claims, ... to deter infringement, ... and to make plaintiff whole, ... fees are generally awarded to a prevailing plaintiff. However, we do not believe Congress intended that the prevailing plaintiff should be awarded attorney's fees in every case.... Considerations which may justify the denial of fees may include (1) the presence of a complex or novel issue of law that the defendant litigates vigorously and in good faith, (2) the defendant's status as innocent, rather than willful or knowing, infringer, (3) the plaintiff's prosecution of the case in bad faith, and (4) the defendant's good faith attempt to avoid infringement.

*Id.* at 323 (citations omitted).

None of these factors is present here. The Court grants plaintiffs' attorney fees and costs.

I have considered the affidavit in support of attorney fees and find the amount claimed for services to date to be reasonable and necessary. Fees for future services I find appropriate in this case based upon the reasonableness of anticipated fees and the necessity in all likelihood to entail extended efforts to achieve collection. Attorney fees are allowed in the sum of $1375 and costs in the sum of $140.

CONCLUSION

Plaintiffs' Motion for Default Judgment #8 is granted. Defendant is enjoined from performing ASCAP compositions without a license. Defendant must pay to plaintiffs $4000 in damages, attorney fees of $1375, and costs of $140.