ICG–INTERNET COMMERCE GROUP, INC., an Arizona Corporation d/b/a www.hollywoodsextapes. com, Plaintiff,

v.

James WOLF and Jane Doe Wolf, husband and wife; Prose Only, Inc., a foreign corporation d/b/a www.beerand shots.com; Jon Montroll, husband d/b/a www.cologuys.com; Jane Doe Montroll, wife, Defendants.

No. CV06–01345–PHX–EHC.

United States District Court, D. Arizona.

Sept. 25, 2007.

David Scott Gingras, Maria Crimi Speth, Jaburg & Wilk PC, Phoenix, AZ, for Plaintiff.

James Wolf, Lomira, WI, pro se.

Jon Montroll, Fort Worth, TX, pro se.

Jane Doe Montroll, Forth Worth, TX, pro se.

## ORDER

EARL H. CARROLL, District Judge.

Before the Court is Plaintiff's Motion for Summary Judgment (Dkt.12). Defendant James Wolf[1] ("Defendant Wolf") filed the

---

**1.** Defendant Wolf is appearing *pro se*. The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998). Litigants have a statutory right to self-representation in civil matters, see 28 U.S.C. § 1654, and are entitled to meaningful access to the courts. *Rand*, 154 F.3d at 957, citing *Bounds v. Smith*, 430 U.S. 817, 823, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Hatfield v. Bailleaux*, 290 F.2d 632, 637 (9th Cir.1961). Consequently, the Court tolerates informalities from civil *pro se* litigants like Defendant. On the other hand, corporate entities such as Prose Only, Inc., must be represented by counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("save in a few

only response.[2] (Dkt.21). For the reasons discussed herein, Plaintiff's Motion for Summary Judgment (Dkt.12) is granted in-part, and denied in-part.

## I. Background

The following facts are undisputed except as otherwise indicated. Plaintiff is the operator of several adult-oriented websites, including a site located at www. hollywoodsextapes.com. (Plaintiff's Separate Statement of Facts "PSOF" ¶ 1). In late 2005, Plaintiff acquired an interest in the copyright to a video featuring supermodel Carolyn Murphy (the "Murphy Video"). (PSOF ¶ 2; Abbate Decl. ¶ 3). On April 24, 2006, the Copyright Office issued a Certificate of Registration (No. PAu3–019–056) for an audiovisual work entitled "Home Video." (Dkt.1, Ex. A). The Certificate of Registration indicates that the work was authored by Jack R. Schroeder as "camera operator" and Carolyn Murphy as "camera operator" in 1999. (Dkt.1, Ex. A). Plaintiff's ownership interest in the

work derives from a transfer of Jack R. Schroeder's rights "per written contract." (Dkt.1, Ex. A). The work referred to in Certificate of Registration No. PAu3–019–056 is the Murphy Video. (PSOF ¶ 5).

Defendant Wolf is the owner of Defendant Prose Only, Inc. ("Prose"). (PSOF ¶ 3). Defendants Wolf and Prose operated an adult-oriented website called www. beerandshots.com, which was hosted by Cologuys, a Texas-based sole-proprietorship operated by Defendant Jon Montroll. (PSOF ¶ 4). On or about May 9, 2006, Plaintiff discovered that www.beerand shots.com had a 3–minute excerpt of the Murphy Video available for viewing for free via the website.[3] (PSOF ¶ ). Plaintiff did not grant Defendants any license to display, distribute, or reproduce the Murphy Video.[4]

Salvatore Abbate avows that he instructed his attorneys to contact Defendant Wolf to ask him to cease any and all use of the Murphy Video. (Abbate Decl. ¶ 6). De-

aberrant cases," 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") Thus, the Court does not interpret Defendant Wolf's individual response as a response on behalf of his corporation, Prose Only, Inc.

2. Defendants were previously granted a 60–day extension of time to respond to Plaintiff's Motion for Summary Judgment and warned that the Court may construe their failure to respond as consent to Plaintiff's motion pursuant to Local Rule of Civil Procedure 7.2(i). (Dkt.18). Defendants Prose Only, Inc.'s failure to respond provides an alternative grounds for granting summary judgment against it.

3. Plaintiff states in its statement of facts that "Beerandshots.com had published a 3–minute excerpt of the Murphy Video which it allowed to be viewed and downloaded for free via its website." (PSOF ¶ 6). Plaintiff cites the Declaration of Salvatore Abbate as the source of this fact, but the referenced paragraph of the Abbate declaration says only that the Murphy

Video was "displayed" on www.beerandshots. com. (Abbate Decl. ¶ 5). Defendant Wolf asserts in his response that he did not "allow[ ] the video to be downloaded." Making the Murphy Video available for download implicates the "distribution" right of 17 U.S.C. § 106(3), whereas the display of the Murphy Video—i.e. making it available for "viewing" via the Internet—implicates the separate "public display" right of 17 U.S.C. § 106(5). Plaintiff's only evidence that the Murphy Video was made available for downloading is a screenshot of www.beerandshots.com that contains apparent hyperlinks to "Sex tape download souces [sic]." (Dkt.12, p. 3).

4. Salvatore Abbate avows that the Carolyn Murphy, who jointly owns the copyright in the Murphy Video, "contacted Mr. Wolf several times" through her attorney "and that he refused to comply with their demands." (Abbate Decl. ¶ 6). Defendants do not point to any evidence that they received a license from Carolyn Murphy to use the Murphy Video.

fendant Wolf's Answer (Dkt.5) states that he was first contacted by Jon Montroll at Cologuys on or about May 15, 2006 and that he removed the Murphy Video from his website within 48 hours. Plaintiff contends that a statement on the website is proof that Defendant Wolf was aware that he was making an unauthorized use of the Murphy Video. (PSOF ¶ 8). The website contained a statement that "AZ based ICG is expecting huge sales from the steamy sex tape," and "even though this is going to cost me another child—the Carolyn Murphy sex tape is still up. Despite the threats. Tell your friends!!!" (PSOF ¶ 8).

Defendant Wolf contends that prior to April 24, 2006, he received a phone call from a "blocked number at after [sic] 6 PM in the evening[] ... [from] a person who screamed obscenities at [him]" and told him that he would be "[s]o f* * *ing sued if [he] did not remove the video immediately[.]" (Dkt.21). Defendant Wolf also contends that the caller would "not identify himself other than" by stating, "I am a lawyer." (Dkt.21). Defendant Wolf told the anonymous caller that he "knew of no such copyrights and would gladly remove any copyrighted material immediately upon receipt of such" knowledge. (Dkt.21). Defendant Wolf states, "Shortly after April 24th, Jon Montrol [sic] received a notice of copyright. He phoned me, I removed the video immediately. Shortly after that, I received my own notice of copyright from ICG." (Dkt.21). Plaintiff filed suit against Defendants on May 22, 2006. (Dkt.1).

## II. Summary Judgment Standard

Summary judgment is appropriate "when there is no genuine issue of material fact" such that "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. Under summary judg-

ment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (*en banc*). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the nonmoving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir.1995). All reasonable inferences are drawn in favor of the nonmovant. *Gibson v. County of Washoe*, 290 F.3d 1175, 1180 (9th Cir.2002). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

If the moving party presents evidence that, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted in the absence of any significant probative evidence tending to support the opposing party's theory of the case. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *THI–Hawaii, Inc. v. First Commerce Fin. Corp.*, 627 F.2d 991, 993–94 (9th Cir.1980). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505; *Devereaux*, 263 F.3d at 1076. A factual

dispute is genuine if the evidence is such that a rational trier of fact could resolve the dispute in favor of the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. A fact is material if determination of the issue might affect the outcome of the case under the governing substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Thus, a party opposing a motion for summary judgment cannot rest upon bare allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. If the non-moving party's evidence is merely colorable or not significantly probative, a court may grant summary judgment. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *see also Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987).

### III. Copyright Infringement

 Plaintiff alleges that Defendants Wolf and Prose infringed upon its exclusive rights to reproduce (17 U.S.C. § 106(1)), prepare derivative works (17 U.S.C. § 106(2)), distribute (17 U.S.C. § 106(3)), and publicly display (17 U.S.C. § 106(5)). (Dkt.1, ¶¶ 24–28). Pursuant to Section 501(a) of the Copyright Act, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by [17 U.S.C. § 106] . . . . is an infringer of the copyright or right of the author." 17 U.S.C. § 501(a). To prove that Defendants Wolf and Prose infringed upon its exclusive rights, Plaintiff must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (citing *Harper & Row, Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 548, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)).

 It is undisputed that Plaintiff has established both of these elements. First, Plaintiff has established ownership of a valid copyright, as evidenced both by its Certificate of Registration for the Murphy Video and Defendant Wolf's Answer to the Complaint, which admits that Plaintiff is the lawful co-owner of the copyright in the Murphy Video. (Dkt.5, ¶¶ 9, 10). In addition, Defendant Wolf admits that he "posted the video" and "allowed it to be viewed publicly." (Dkt.5, ¶ 25). Defendant Wolf's posting of the Murphy Video to the Internet was an act of direct copying in violation of 17 U.S.C. §§ 501, 106(1). The display of the Murphy Video on Defendant Wolf's website was an act of public display in violation of 17 U.S.C. §§ 501, 106(5). Plaintiff's allegation that Defendants Wolf and Prose prepared unauthorized derivative works from the Murphy Video in violation of 17 U.S.C. § 106(2) by editing its content and/or altering it to include the URL "BeerAndShots.com" went unanswered by Defendants Wolf and Prose. (Dkt 1, ¶ 13). The Court construes this failure to admit or deny as an admission. *See* Fed.R.Civ.P. 8(d). Thus, the Court finds that Defendants Wolf and Prose infringed upon Plaintiff's rights to reproduce, publicly display, and prepare derivative works.

 Plaintiff also contends that the Murphy Video was distributed via www.beerandshots.com, and was available for downloading, which is a violation of Plaintiff's rights pursuant to 17 U.S.C. § 106(3). Defendant Wolf maintains, however, that he did not allow the Murphy Video to be downloaded. (Dkt. 5, ¶ 25; Dkt 21). The May 9, 2006, screenshot of www.beerandshots.com, which Plaintiff offers as evidence of distribution, contains apparent hyperlinks to "[s]ex tape download souces [*sic* ]." Nonetheless, the Court cannot determine the target of those links based on

the screenshot alone, whether they directed visitors to a source on www.beerandshots.com or another URL, or whether they linked to a streaming or downloadable source file. Drawing all reasonable inferences in favor of Defendants, there is a genuine issue of material fact as to whether Defendants Wolf and Prose infringed upon Plaintiff's exclusive right to distribute copies of the Murphy Video.

■ Finally, Defendant Wolf's claim that he believed the Murphy Video was in the public domain is of no avail. In actions for statutory copyright infringement, such as this, the innocent intent of the Defendant is not a defense to a finding of liability. *See e.g., L.A. News Serv. v. Conus Communs. Co. Ltd. Pshp.*, 969 F.Supp. 579 (C.D.Cal.1997); *see also* 3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.08 (2007) (authorities cited therein).

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt.12) is granted against Defendants Wolf and Prose as to violations of 17 U.S.C. § 501 arising from infringement upon Plaintiff's exclusive rights to reproduce (17 U.S.C. § 106(1)), prepare derivative works (17 U.S.C. § 106(2)), and publicly display (17 U.S.C. § 106(5)). Plaintiff's Motion for Summary Judgment (Dkt.12) is denied as to all Defendants as to violations of 17 U.S.C. § 501 arising from infringement upon Plaintiff's exclusive right to distribute copies (17 U.S.C. § 106(3)).[5]

## IV. Damages

Plaintiff has elected to recover statutory damages as pursuant 17 U.S.C. § 504(c). Section 504(c) provides that a successful plaintiff may recover "statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Where the copyright owner proves that the infringement was willful, a court, in its discretion may increase the award to an amount up to $150,000. 17 U.S.C. § 504(c)(2). In cases where the infringer proves that he was not aware and had no reason to believe that his acts constituted infringement, a court may reduce to statutory damages award to a sum of not less than $200. 17 U.S.C. § 504(c)(2).

■ Plaintiff contends that Defendants Wolf and Prose are willful infringers. Plaintiff points to the statement on www.beerandshots.com that read "even though this is going to cost me another child—the Carolyn Murphy sex tape is still up, Despite the threats. Tell your friends!!!" Plaintiff interprets this statement as an acknowledgment of illegal activity demonstrating willfulness under 17 U.S.C. § 504(c)(2) and warranting an award of $150,000 against Defendants Wolf and Prose. Another statement from www.beerandshots.com offered by Plaintiff to prove willfulness states, "Carolyn Murphy and her husband shot some personal footage over the course of their 17 day honeymoon in Barbados. Now, sources say AZ based ICG is expecting huge sales from the steamy sex tape." (Dkt.1, Ex. B).

The Copyright Act does not define "willful," but courts in the Ninth Circuit have

---

**5.** Plaintiff's sole claim against Defendant Jon Motroll is brought for violation of Plaintiff's right to distribute copies under 17 U.S.C. § 106(3). (Dkt.1, ¶ 36). Because there is a genuine issue of material fact as to whether the Murphy Video was being distributed on www.beerandshots.com, Plaintiff's motion for summary judgment as to Defendant Jon Montroll must be denied.

held that "willful" means with knowledge that the defendant's conduct constitutes infringement. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990); *see also* NIMMER ON COPYRIGHT § 14.04 (2007). At least one Circuit Court has held that on summary judgment, willfulness cannot be proved by *constructive* knowledge of infringement, but must be proved by evidence of the infringer's *actual* knowledge. *See Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 260–65 (2d Cir.2005) (district court finding of willfulness on summary judgment reversed by the Second Circuit where defendant repeatedly denied *actual* knowledge, and where the district court had accepted the plaintiff's evidence of *constructive* knowledge that showed a "reckless disregard" or "willful blindness" to the plaintiff's interest).

The statements made on www.beerand shots.com suggest that Defendant Wolf had some knowledge that posting the Murphy Video was wrongful. Defendant Wolf, however, has consistently maintained that he believed the Murphy Video was public domain and that when he first received the anonymous call he told the caller that he "knew of no such copyrights and would gladly remove any copyrighted material immediately upon receipt of such" knowledge. (Dkt. 5, ¶ 25; Dkt. 21). Defendant Wolf claims that he merely quoted the words that were screamed at him from the blocked phone number, and that he was not bragging about illegal activity. (Dkt.21). Drawing every reasonable inference in favor of Defendant Wolf, the Court finds that a genuine issue of material fact exists as to whether Defendant Wolf had *actual* knowledge that his actions were infringing. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir.2001) ("... one who has been notified that his conduct constitutes copyright infringement, but who reasonably and in good faith believes

the contrary, is not 'willful' for these purposes."). The Court is guided by the Second Circuit's holding in *Island Software & Computer Serv.*, requiring proof of actual knowledge for a finding of willfulness on summary judgment. *See* 413 F.3d at 260–65.

Plaintiff shall have 60 days from the date of this Order to conduct further discovery on the limited issue of Defendants Wolf and Prose's alleged willfulness and file an amended motion for summary judgment with a more fully developed factual record that demonstrates *actual* knowledge of infringement. In the alternative, Plaintiff may amend its current motion for summary judgment and seek statutory damages in the range provided by 17 U.S.C. § 504(c)(1) for non-willful infringement, which the Court will consider without further discovery.

## V. Attorneys Fees and Costs

Plaintiff requests an award of attorneys fees pursuant to 17 U.S.C. § 505. "Attorneys fees are generally (although not always) awarded to a prevailing plaintiff under 17 U.S.C. § 505 to deter infringement and make the plaintiff whole." *JBJ Fabrics, Inc. v. Mark Industries, Inc.*, 5 U.S.P.Q.2d 1414 (C.D.Cal.1987) (citing *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir.1987)). Plaintiff is not entitled to attorneys fees incurred prior to its registration of its copyright in the Murphy Video. *See* 17 U.S.C. § 412. And the Court will not award attorneys fees against those Defendants who are found to have infringed innocently or who have made good faith attempts to avoid infringement. *See McCulloch*, 823 F.2d at 323. Because the Court makes no finding as to Defendants Wolf and Prose's willfulness, a decision on Plaintiff's request for attorneys' fees and costs will be reserved.

Accordingly,

**IT IS ORDERED:**

(1) Granting Plaintiff's Motion for Summary Judgment (Dkt.12) against Defendants James Wolf and Prose Only, Inc. as to violations of 17 U.S.C. § 501, arising from infringement upon Plaintiff's exclusive rights under 17 U.S.C. §§ 106(1), 106(2), 106(5).

(2) Denying Plaintiff's Motion for Summary Judgment (Dkt.12) against Defendants James Wolf, Prose Only, Inc., and Jon Montroll as to violations of 17 U.S.C. § 501, arising from infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

(3) Plaintiff shall have 60 days from the date of this Order to conduct further discovery on the limited issue of Defendants Wolf and Prose's alleged willfulness and file an amended motion for summary judgment with a more fully developed factual record that demonstrates *actual* knowledge of infringement. In the alternative, Plaintiff may amend its current motion for summary judgment and seek statutory damages in the range provided by 17 U.S.C. § 504(c)(1) for non-willful infringement, which the Court will consider without further discovery.

(4) Denying without prejudice Plaintiff's Motion for Summary Judgment (Dkt.12) to the extent it requests an award of attorney's fees and costs. Plaintiff shall raise the issue of attorneys' fees and costs in it's amended motion for summary judgment.